SUPREME COURT. Kings General Term, February, 1860. *Lott, Brown* and *Emott,* Justices.

PETER J. DEMPSEY, plaintiff in error, *v.* THE PEOPLE, defendants in error.

Under chapter 110 of the Session Laws of 1853, the magistrates and courts of Kings county are required to send to the penitentiary instead of the county jail, all persons convicted before them, who shall be sentenced to imprisonment for thirty days or more.

Whether a prisoner, in confinement, in pursuance of a final judgment, can be admitted to bail, after an allowance of a writ of error, when there is no direction therein that the same shall operate as a stay of proceedings, doubted by LOTT, J.

PETER J. DEMPSEY pleaded guilty, in the Court of Sessions of Kings county, to an indictment for assault and battery, and was thereupon sentenced to imprisonment for six months in the penitentiary of said county.

A writ of error was sued out, and the case removed to the Supreme Court, on the claim that there was no authority to imprison in the penitentiary, under ch. 110 of the Laws of 1853.

An application was made to Mr. Justice LOTT to let the prisoner to bail, pending the writ of error. The application was denied, and the following opinion given.

LOTT, J. It is immaterial, in the view taken by me of the question presented as the ground of error in the judgment of the Court of Sessions, whether the liability of the plaintiff in error to confinement in the penitentiary depended on the term of imprisonment prescribed by law, on his conviction of the offense with which he was charged, or the time fixed by his sentence. He was, in fact, sentenced for six months, but the court was authorized to imprison for a year. He was in either case, therefore, in the language of the act relating to the penitentiary (*ch.* 110 *of the Laws of* 1853), liable to imprisonment for a period of not less than thirty days, and being so liable it was made the duty of the court, by that act, to sentence him, as they did, to confinement in the penitentiary instead of the

county jail. That judgment is, as I understand, in conformity with the construction given to that act since it took effect, and in accordance with the opinion expressed in the case of *The People* v. *Cavanagh* (1 *Park. Cr. R.*, 592), and after a careful examination, I do not find sufficient to justify the conclusion that there is any reasonable doubt of the legality of the sentence. Entertaining this view of the case, I cannot admit the prisoner to bail.

It may be proper to add that, if I entertained any doubt on the question presented, it is at least questionable whether a prisoner in confinement, in pursuance of a final judgment and sentence, can be admitted to bail, after an allowance of a writ of error (which is in this case a writ of right, and issues of course without reference to the merits), when there is no direction therein that the same shall operate as a stay of proceedings.

The cause then came on to argument on the return to the writ of error.

*James Troy*, for the plaintiff in error.

The act of the legislature of April 5, 1853, does not authorize the commitment to the penitentiary of any persons except those " who, on conviction, are liable to imprisonment for a period of not less than thirty days."

This refers not to the *sentence*, but to the *statutory limit* of punishment of an offense.

The term of imprisonment for an assault and battery is limited by statute. It cannot exceed one year; it may be less than thirty days. (2 *R. S.*, 697.) For that offense a person is liable to imprisonment for less than thirty days, and that offense is not, therefore, one for which a person convicted may be sent to the penitentiary.

*John Winslow* (District Attorney), for the defendants in error.

1. The liability meant by statute is the liability on the *sentence*, and the prisoner being sentenced for more than thirty days, to wit., for six months, was properly sent to the peniten-

tiary. (*The People* v. *Cavanagh*, 1 *Park. Cr. R.*, 588; 2 *Id.*, 650.)

2. The construction of the statute sought by the plaintiff in error, would clearly nullify its obvious purpose and make it an absurdity.

(*a.*) The object of the statute clearly is to have all persons sentenced for a term of thirty days and upwards (except such as are sentenced to State prison), imprisoned in the penitentiary, and not in the county jail; or, to use the language of the statute, "*instead of the county jail.*"

(*b.*) The absurdity of the construction sought by the plaintiff in error is quite obvious. For example: "The statute punishes sodomy by imprisonment in the State prison for a term not exceeding ten years. It is left to the court to say how much less it shall be. It may be less than thirty days, and, therefore, the plaintiff would say, adhering to his construction, that all persons convicted of said felony, being liable on conviction to imprisonment for a term less than thirty days, *must* be sent to the county jail. This would be true of many other felonies. As a practical result, therefore, the construction of the statute claimed by the plaintiff would throw wide open the doors of the State prison and the penitentiary.

(*c.*) It is said, in *Behan* v. *The People* (17 *N. Y. R.*, 521), that "courts, in construing a statute, will look at the general scope and purpose of the act, and search there for an expression of the legislative intention."

The judgment of the Court of Sessions was affirmed.